# IN THE COURT OF APPEALS OF IOWA

No. 21-1042
Filed August 3, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL SCOTT ENRIQUEZ SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Louisa County, John M. Wright,

Judge.

        Daniel Scott Enriquez Sr. appeals the sentence imposed.  **AFFIRMED.**

        Bret R. Larson of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa, for

appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

        Considered by Bower, C.J., Tabor, J., and Vogel, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**BOWER, Chief Judge.**

Daniel Scott Enriquez Sr. appeals the sentence imposed after he pleaded guilty to driving while barred. He asserts the court abused its sentencing discretion in imposing a 180-day jail term with no work release. Enriquez asks that we follow the parties' agreed sentence of a ninety-day term, with all but ten days suspended, and work release.

> We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits. We will find an abuse of discretion when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." A ruling is untenable when the court bases it on an erroneous application of law. If the evidence supports the sentence, the district court did not abuse its discretion.

*State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018) (citations omitted).

Here, the court considered the sentencing options available, Enriquez's age, education, employment, family status, and the nature of the offense. The court stated,

> You were barred. You knew you were barred. You knew you weren't supposed to drive a motor vehicle, and yet you did so. Your attorney has made a very good effort in convincing the court that what you were doing was not as bad as maybe it might sound because you were driving to work, and you were going to work to support your family, and if I were to take that away from you then your family would suffer.
> Well, here's the problem with that argument, and that is the Department of Transportation has told you pursuant to the statutes of the Iowa Legislature, you cannot drive, not even to work, nowhere, period. Not to the store, not to school, not to work, nowhere. And if you want to ride in a motor vehicle, you're free to do that, but you're not allowed to drive a motor vehicle. And you knew that, and you did it in this case.

While another court might have entered a different sentence, the sentence imposed was within statutory limits, and the court's reasons were neither clearly untenable or unreasonable.  Finding no abuse of discretion, we affirm.

**AFFIRMED.**